Curia, per Withers, J.
Text writers on Criminal Law define an affray to be the fighting of two or more persons, in some public place, to the terror of the people.' If the fight be in some private place, it is no affray, but an assault.
Some stress has been laid upon the idea that there was no proof that the people were terrified. The existence of terror among the people, as a matter of fact, does not require proof, and so is the law in the case of riot. Suppose the fight be in a private place, any degree of terror that may be proved, among any number of persons, would not make it an affray. It must be charged to have been in a public place, and proved accordingly, and, it is presumed, the inference of law will be strong enough to import whatever of terror may be a necessary ingredient. In this case, the fight of the defendant and his adversary disturbed the Circuit Court, then in session, and the indictment was ordered by the Presiding Judge. In a case of riot, in answer to an objection that the charge was not laid in terrorem populi, Lord Holt, speaking-for the whole Court, said, “ This information is well without it, for those riots which are riots without any act done, as going armed, &c., it must be said in terrorem populi ; but, when an act is done, it is otherwise.” His doctrine has been aPProvec') M Massachusetts, in the case of Hamilton and Others. The- burthen of this case rests upon the allegation that Sumner fought in self-defence. Whether that would be a good defence in all cases, or not — as, for example, where one, in the face of a Court sitting, enters into a fight with an assailant, instead of appealing to the authority of the Court for the time being, and thus manifesting a becoming respect for the tribunal and the place — it is enough to say that Sumner had the full benefit of the position claimed for him in this respect. Can he be said, on a charge for an affray, to be acting in self-defence, in any legal sense, who designedly provokes another to strike him, or to offer violence, with the purpose to fight his adversary? If this were done for the *57 purpose of killing his adversary, and he executed the design, how should he escape on a chargb for murder? It does not follow because, as between the parties, words will not justify1 a battery, that, therefore, two, who fight in the presence of a Court, or under other circumstances necessary to the definítion of an affray, may not be guilty of that offence, -when provocation of any kind, leading to the breach, proceeds from him who may be first stricken. Upon a question of assault and battery, the law concerns itself in throwing protection around the person, and, therefore, that person’s aggravating language is not recognised as a justification of his adversary’s actual violence. In a question of affray, the great object is, the protection of the public peace and quiet in a public place; and, .though it be true that no quarrelsome or threatening words will amount to an affray, yet we learn, from Hawkins and other writers of best repute, 11 That it is a very high offence to challenge another, either by word or letter, to fight a duel, or to be the messenger of such a challenge ; or even barely to provoke another to send a challenge, or to fight, as, by dispersing letters to that purpose full reflections and insinuating a desire to fight.” Prizefights and pugilistic combats come under the head of affrays. So do duels, where no death ensues. In such eases, it can, surely, make no difference who provoked the duel, or what means of provocation were used.
The form of warrant against two, cited in the argument from 4 Ohitty’s C. L., is nothing to the present purpose, for it was a case in which two were charged as assaulting and beating a third, who became prosecutor. In the form of indictment, by Archibald, it is charged as follows: “That J. S.'and J. W., with force and arms, at, &c., being unlawfully assembled together and arrayed in a warlike manner, then and there, in a certain public street and highway there situate, unlawfully, and to the great terror, &c., did make an affray:” with the ordinary formal conclusion, contra pacem.
Certainly these doctrines were not violated when it was laid down to the Jury that, if Sumner was willing to fight, and merely preferred to go out of the corporate limits, but also provoked the other to strike him, he was guilty of an affray.
The evidence leaves no doubt that it was a pugilislic combat, a prize fight, at a very inappropriate place and time. This Court is of opinion that there is no good ground of complaint, on the part of Sumner, against the law applied on circuit to his case, or against the verdict rendered upon that and the facts.
The motion is, therefore, dismissed.
Evans, Wardlaw and Frost, JJ., concurred.

Motion dismissed.